An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF JAMES S. KENT, BAR NO. 5034 | No. 61176 |
| IN THE MATTER OF DISCIPLINE OF JAMES S. KENT, BAR NO. 5034 | No. 62574 |

FILED

APR 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER*

These are automatic reviews of Southern Nevada Disciplinary Board hearing panel recommendations that attorney James S. Kent be suspended from the practice of law for two months, with conditions (Docket No. 61176), *see* SCR 105(3)(b); and that we approve Kent's conditional guilty plea in exchange for a stated form of discipline (Docket No. 62574), *see* SCR 113.

The violations in these two matters arise primarily from Kent's involvement with Consumer Advocacy Group (CAG), a purported loan-modification organization. Kent merged his law office with CAG and took over several hundred open files. After this merger, Kent failed to diligently pursue clients' cases, did not communicate with clients, did not properly safekeep client funds, and failed to properly supervise nonlawyer employees.

14-13055

After a 3-day hearing in the proceeding underlying Docket No. 61176, the panel found that Kent had committed 31 violations of the Rules of Professional Conduct, including violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.4 (professional independence of a lawyer), and RPC 5.5 (unauthorized practice of law). The panel recommended that Kent be suspended from the practice of law for two months, take an additional ten hours of CLE (five in law office management and five in attorney ethics), pay restitution totaling $16,740 to six clients no later than five years after the date of the panel's recommendation, and pay the costs of the proceeding within 30 days of receipt of the bill of costs.

In the proceeding underlying Docket No. 62574, Kent and the State Bar entered into a conditional guilty plea in exchange for a stated form of discipline. Kent pleaded guilty to 21 violations of the RPCs, including violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.4 (professional independence of a lawyer), and RPC 5.5 (unauthorized practice of law). The stated form of discipline provides for a two-year suspension, with that suspension stayed pending compliance with the conditions that (1) Kent promptly respond to requests from the State Bar, including requests for bank statements and case lists; and (2) that Kent

SUPREME COURT
OF
NEVADA

(O) 1947A

2

not be the subject of any further public discipline. The panel also recommended that Kent pay the actual costs of the proceedings, not including bar counsel and staff salaries, within two years of receipt of the State Bar's bill of costs, and pay restitution totaling $10,250 to four clients within two years of the recommendation. The agreement specified that Kent is to open a bank account and begin making monthly payments of $500 per month to that account for the purpose of paying restitution and costs from the account and to submit quarterly statements to the bar evincing his compliance with this requirement. Kent also agreed not to file an opening brief in Docket No. 61176.

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings that Kent committed the violations set forth in Docket No. 61176, SCR 105(2)(f), and that Kent committed the violations to which he pleaded guilty in Docket No. 62574. We further conclude that the recommended discipline is appropriately tailored to the circumstances. We therefore approve the hearing panel recommendations, with one minor exception noted below. Kent is hereby disciplined as follows:

- Kent shall be suspended from the practice of law for two years. Kent shall serve an actual suspension of two months, and the remainder of the two-year suspension shall be stayed pending Kent's

compliance with the conditions that he (1) promptly respond to requests from the State Bar, including requests for bank statements and case lists; and (2) that he not be the subject of any further public discipline.[1]

- In addition to the customary annual CLE requirements, if he has not already done so, within the next two years, Kent shall take an additional five hours of CLE in law office management and five in attorney ethics. The State Bar shall have authority to determine which classes meet these requirements.

- Kent shall pay the costs of the proceedings in Docket No. 61176 within 30 days of receipt of the State Bar's bill of costs; and in Docket No. 62574, within two years of receipt of the State Bar's bill of costs.

- Kent shall make restitution in the total amount of $26,990 to ten clients. Specifically, by April 17, 2017, Kent shall pay $16,740 in restitution to the six clients specified by the panel in Docket No. 61176; and by December 6, 2014, he shall pay $10,250 to the four clients specified by the panel in Docket No. 62574. If he has not already done so, within 30 days, Kent must open a bank account into which he pays a minimum of $500 per month toward restitution and costs, and must submit quarterly reports to the State Bar showing his compliance with this requirement.

---

[1]The agreement between Kent and the State Bar contemplated that these conditions would expire December 6, 2014, but we conclude that these conditions are appropriate and shall remain in effect for the entire term of Kent's suspension.

Kent shall comply with SCR 115.  The state bar shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Cherry

---

[2]As Kent agreed not to file an opening brief in Docket No. 61176, we take no action on the parties' stipulation to extend the time to file an opening brief in that matter.

IN RE: DISCIPLINE OF JAMES S. KENT                    Nos. 61176, 62574

DOUGLAS, J., with whom PARRAGUIRRE, J. and SAITTA, J. agree, dissenting:

I dissent from the decision because I feel the two month suspension is wholly inadequate for the totality of the misconduct in this matter. The Rules of Professional Conduct are in place to set a standard and to protect the public, and Kent failed to abide by these rules. In failing to abide by the rules and failing to pursue his clients' cases, he harmed vulnerable members of the public during a time of economic crisis in this state. Therefore, I dissent from the discipline imposed by the Majority as I feel the discipline should have been stronger.

_____, J.
Douglas

I concur:

_____, J.
Parraguirre

_____, J.
Saitta

cc:   David A. Clark, Bar Counsel
      Patrick K. McKnight
      Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, United States Supreme Court